## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

```
------------------------------------------------------x
LEBENE KONAN,                                         x
                                                     x
                                                     x
                                                     x
                        Plaintiff                    x
                                                     x      Case No. _____
        v.                                           x
                                                     x
UNITED STATES POSTAL                                 x
SERVICE, RAYMOND "RAY"                               x
ROJAS AND JASON DRAKE                                x
                                                     x
                        Defendants.                  x
------------------------------------------------------x
```

Plaintiff Lebene Konan ("Plaintiff") files the following as her Complaint alleging claims and causes of action against Defendants United States Postal Service ("USPS"), Raymond "Ray" Rojas ("Rojas") and Jason Drake ("Drake").

## THE PARTIES

1. Plaintiff Lebene Konan ("Plaintiff") is a citizen of the State of Texas, and resides at 5902 Preston Oaks Rd., # 1104 Dallas Tx 75254. She is a naturalized citizen of the United States. One of her sons was a United States Marine. She pays federal taxes, as well as state sales and property taxes. Ms. Konan is a respected and successful licensed realtor and licensed insurance agent in the State of Texas. She owns several properties throughout the Dallas/Ft. Worth area, including the

1

properties located at 1116 Trenton Lane and 1207 Saratoga Drive in Euless, Texas (the "Residences").

2. Defendant United States Postal Service is an independent agency of the executive branch of the United States federal government responsible for providing postal service in the United States, including its insular areas and associated states. Pursuant to 39 C.F.R. § 2.2, the USPS may be served with process by serving its General Counsel, as its agent for service of process, with a copy of this Complaint, along with a summons issued by the Court. The current General Counsel and Executive Vice President of the USPS is Thomas J. Marshall. He is located at the following address:

United States Postal Service
475 L'Enfant Plaza, SW
Washington, D.C. 20260-1100

3. Defendant Raymond "Ray" Rojas is a citizen of the State of Texas and is a mail carrier employed by USPS. He may be served with process at 210 N. Ector Dr Euless 76039.

4. Defendant Jason Drake is a citizen of the State of Texas, and is employed by USPS. He is the postmaster of the Euless, Texas post office, and may be served with process at 210 N. Ector Dr Euless 76039.

## II.

## <u>SUBJECT MATTER JURISDICTION AND VENUE</u>

5.  This Court has subject matter jurisdiction to hear the tort claims asserted herein against the United States Postal Service [39 U.S.C. § 409(a)], under 28 U.S.C. § 1346(b) [tort claim against the United States].  Pursuant to 28 U.S.C. §§ 1331, this Court has subject matter jurisdiction over Plaintiff's claims predicated on Defendants' violations of the United States Constitution and 42 U.S.C. §§ 1981 and 1985.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1402(a) and (b) and 32 CFR 750.32(a) because (i) Plaintiff's primary residence is in this District; and (ii) this District is the District in which the acts or omissions complained of occurred.

## III.

## <u>FACTS COMMON TO EACH COUNT</u>

7.  Article 1, § 8 of the Constitution grants Congress the authority to "establish Post Offices and post Roads." Acting pursuant to its authority under the Constitution, Congress created the United States Postal Service and assigned it the following mission:

> The United States Postal Service shall be operated as **a basic and fundamental service** provided to the people by the Government of the United States, authorized by the Constitution, created by Act of Congress, and supported by the people. The Postal Service shall have as **its basic function the obligation to provide postal services** to bind the Nation together through the personal, educational, literary, and

business correspondence of the people. **It shall provide prompt, reliable, and efficient services to patrons in all areas and shall render postal services to all communities**.

39 U.S.C. § 101 [emphasis added].

8.  As mentioned, Plaintiff Lebene Konan owns each of the Residences located in Euless, Texas.  She leases rooms to individuals who reside at those locations. From time to time, Plaintiff stays at each Residence to keep a watchful eye on how the residents treat her properties.

9.  The mailboxes for 1207 Saratoga and 1116 Trenton Lane Residences (and for other residences in their neighborhoods) are contained in single metal structures located in their respective neighborhood.  Each residence within those neighborhoods is assigned a post office box contained in the metal structure.  Thus, the box assigned to a particular residence is one of a group of boxes, all contained within a single structure stationed in the middle of the neighborhood. USPS provides the owner of each residence with a key that gives the owner access to the Post Office box; the mail addressed to each residence is deposited into the box that has been assigned to that residence address.  Thus, the owner of the residence can access the box to recover mail delivered to the owner's address.

10.  As the owner of the Residences, Ms. Konan has a key to the mailboxes that service each Residence.  Every day, Ms. Konan collects the mail addressed to individuals at the Residences and distributes the mail to the individuals who reside

4

at each Residence. Because she is there on a daily basis, Ms. Konan – at least until the events described herein – had much of her own business mail delivered to the Saratoga address. For example, she received property tax statements, insurance policy correspondence and credit card statements at the Saratoga address.

**Rojas Becomes The Mail Carrier:**

11. Ms. Konan has owned the Saratoga Residence since 2015. Until May of 2020, all mail addressed to individuals residing at the Saratoga Residence was delivered without incident. That all changed in May of 2020.

12. For several days in May of 2020, no mail was delivered to 1207 Saratoga Drive in Euless, Texas. After investigating what the problem was, Ms. Konan learned that the USPS mail carrier who services that Residence address, a man named Raymond "Ray" Rojas, had unilaterally changed the owner of the Residence to Mr. Ian Harvey, an individual who was residing at the Saratoga Residence, but who was not – and never has been – the owner of the Saratoga Residence. Harvey was simply one of Plaintiff Konan's tenants who was residing at the Saratoga Residence. Without prior or subsequent notice to Ms. Konan, the only owner of the Saratoga Residence, Rojas had issued a new lock approval for Ms. Konan's box, thereby allowing the lock to be changed on the box to make it accessible only by Mr. Harvey.

13. Ian Harvey had a short-term living arrangement at the Saratoga Residence. Harvey lived there in a single room for approximately two months and paid rent to Plaintiff in exchange for his occupancy. At no time was Mr. Harvey ever the owner of the Saratoga Residence.

14. Apparently, Rojas the mail carrier did not like the fact that Plaintiff Konan, an African-American woman, owned the Saratoga Residence and leased rooms in the Saratoga Residence to white people. Mr. Harvey is white. Hence, Rojas changed the lock on the mailbox to Mr. Harvey's name – a man who had no ownership stake in the Saratoga Residence at all – without first giving any notice to Plaintiff.

15. On information and belief, mail carrier Rojas has not unilaterally changed the lock on any other residence owner's address on his route; nor has he refused to deliver mail to residences owned by white people where there are multiple individuals living at their properties. Mail carrier Rojas singled Plaintiff out for discriminatory treatment because she is a successful African American woman and Rojas is not happy about the fact that she owns Residences that he is required to service.

16. On or about May 15, 2020, Ms. Konan went to the Post Office located at 201 N. Ector Dr. in Euless, Texas to inquire about the new lock on her mail box and to determine why it was changed without giving her prior notice or securing her prior

6

consent. The USPS personnel at that location did not provide an answer. Instead, they peppered Ms. Konan with questions. She was asked to confirm her identity, to explain who the actual owner of the Residence was and to provide information as to when she bought the Residence. No white person is subjected to that type of treatment.

17. Ms. Konan asked a USPS Supervisor (a lady named "Cheryl") why she did not ask Ian Harvey those questions before allowing him to change the lock on her mailbox. Cheryl replied that mail carrier Rojas believed that she was not the owner of the Saratoga Residence and that Mr. Harvey was the actual owner. Accordingly, Rojas submitted the lock change order without prior notice to Ms. Konan. It is unclear whether mailman Rojas informed Mr. Harvey of the change or whether Rojas secured Mr. Harvey's consent to change the name on the box and to put the lock change order in Mr. Harvey's name.

18. In addition, "Cheryl" advised Ms. Konan that USPS would not deliver any mail at all to the Residence address until ownership of the Residence location was investigated by USPS's Inspector General and conclusively established. Ms. Konan immediately contacted the USPS in Washington, D.C. and lodged a complaint.

19. For approximately the next 2 to 3 months, USPS did not deliver any mail at all to the Saratoga Residence. This forced several individuals residing at the

Saratoga Residence to move to other locations. Plaintiff lost a minimum of 15 lessees during this period of time. Each of these individuals paid Ms. Konan approximately $6500 a year in rent.

20. Ms. Konan did not hear from USPS at all for the 2 to 3 months that USPS refused to deliver mail to the Residence. Then, in July or August of 2020 she suddenly received a replacement credit card from American Express in the mail, indicating that USPS had researched the issue and discovered that Ms. Konan, was in fact, the owner of the Saratoga Residence.

21. Ms. Konan has been told by USPS personnel that mail carrier Rojas and Euless Postmaster Jason Drake were instructed by USPS's Inspector General's office to deliver all mail addressed to the Saratoga Residence. Local USPS authorities have confirmed in writing that Rojas received the same instructions from USPS's Customer Services for North Texas. Accordingly, Plaintiff assumed that the matter had been resolved and that USPS would again commence mail delivery to the Saratoga Residence. That assumption was incorrect.

22. Ms. Konan learned that, notwithstanding instructions given by the Inspector General to deliver all mail addressed to the Saratoga Residence, Mr. Jason Drake, the postmaster to whom Rojas reports, countermanded those instructions and directed employees working under him not to deliver any mail properly addressed

to the Saratoga Residence unless the individuals to whom mail was addressed at the Saratoga Residence first provided proof that they were actually living there.

23. In August and September of 2020, Ms. Konan learned that mail addressed to her and others at the Saratoga Residence had been returned by USPS marked "undeliverable." Mail carrier Rojas was unilaterally deciding which items of mail addressed to the Saratoga Residence he would deliver and which items he would simply refuse to deliver and improperly mark as "undeliverable." Important mail addressed to both Plaintiff Konan and her tenants, including doctor's bills, medications, credit card statements, car titles and property tax statements were all returned marked "undeliverable" notwithstanding the fact that mail carrier Rojas knew full well that all mail addressed to the Saratoga Residence was and is deliverable.

24. Without any basis for doing so, Rojas retains possession of the items of mail he refuses to deliver to 1207 Saratoga. He then returns the mail to the Euless Post Office where he has it improperly marked as "undeliverable." He knows full well that the mail is deliverable, but knowingly, deliberately and intentionally refuses to deliver it. Postmaster Drake knows all about Rojas's misconduct, but encourages and approves of it.

25. As a consequence of what mail carrier Rojas and Postmaster Drake have done, Plaintiff has had to make alternative arrangements to receive and pay her bills

and to receive and transmit other critical mail using more expensive services (e.g. FedEx). In the case of her son's medications, Plaintiff now goes directly to the doctor's office to pick up his medications and to receive and pay the doctor's bills.

26. In addition to how her own mail has been impacted by Rojas's misconduct, Plaintiff Konan's tenants have had their mail improperly withheld and improperly marked "undeliverable." This has resulted in tenants moving from the Residences, and has directly impacted Plaintiff's ability to secure rent from her properties.

27. Rojas's and Drake's misconduct is attributable to a single factor: They do not like the idea that a black person owns the Residences, and leases rooms in the Residences to white people. This is intolerable racial discrimination that no one should have to bear. As described below, Defendant USPS is aware of the discrimination, but condones it.

**USPS Informed Delivery:**

28. To demonstrate what Rojas is doing, Ms. Konan signed up for USPS Informed Delivery, a service that identifies mail that is in the USPS system for delivery to a designated address.

29. Through the USPS Informed Delivery Service, Plaintiff has records demonstrating that Rojas the mail carrier has refused to deliver mail properly addressed to the residents of 1207 Saratoga. Rojas simply refused to deliver the

mail. Notably, Rojas has been engaged in this misbehavior for two years, all without Defendant USPS taking any corrective action to prevent him from inflicting harm on Plaintiff.

30. Defendant USPS knows that mailman Rojas is not delivering mail to the Residence because (I) Plaintiff Konan has been informing USPS through its Informed Delivery Service that Rojas is not delivering the mail; (ii) Plaintiff Konan has filed more than fifty complaints about Rojas's and Drake's refusal to deliver mail to the Saratoga Residence with both the Inspector General's office in Washington D.C and USPS's local community service station; and (iii) Plaintiff Konan has filed a formal administrative claim with USPS describing in detail the misconduct of both Rojas and Drake with respect to mail delivery at the Residences.

31. Plaintiff Konan repeatedly has repeatedly informed Arthur Ortega, USPS's local field service agent, that Rojas was refusing to deliver mail to the Saratoga address. Ortega did nothing; he simply referred Plaintiff Konan to Defendant Drake. As mentioned, Drake and Rojas were (and continue to) work together to withhold mail delivery to the Residences.

32. As reflected in the records of USPS Informed Delivery, and as confirmed by the records retained by Ms. Konan, Rojas has been and is currently refusing to deliver mail to the Saratoga Residence. This is not negligence or misdelivery of mail.

11

This is intentional non-delivery of mail motivated by an intention to discriminate against Plaintiff Konan, and to hurt and injure Ms. Konan.

33. Ms. Konan has repeatedly attempted to secure relief from Rojas's and USPS's campaign of terror.  Defendant Drake knows that mail carrier Rojas is ignoring the instructions he has been given; he knows that Rojas continues to return mail addressed to the Residences and to improperly mark such mail as "undeliverable."  Drake knows that what Rojas is doing is harming Plaintiff.  Instead of taking corrective action,  Drake has encouraged Rojas to continue withholding and refusing to deliver mail addressed to the Residences – mail that both Rojas and Drake know is deliverable.

34.  Rojas has even taped a notice in red lettering to the interior of the mailbox assigned to the Residence at 1207 Saratoga.  It states "These Names Only"; above the red tape are the few names of those who reside at the Residence who Rojas the mailman has unilaterally decided should receive their mail.  He will not deliver to anyone else at the Residence.  Rojas's acts are deliberate, discriminatory and carried out with the full knowledge and support of  Postmaster Jason Drake.

35.  Plaintiff's is the only mailbox contained in the group of boxes that serve the Saratoga neighborhood that Rojas has singled out in this manner.

## The Trenton Address Is Impacted

36. In April of 2021, Rojas discovered that Plaintiff also owned the Residence located at 1116 Trenton Lane in Euless, Texas. Accordingly, he started to withhold mail addressed to that location as well.

37.   Since discovering that Plaintiff owns the Trenton Lane Residence, Rojas , with the support of Drake, treats the mail addressed to the Trenton Lane Residence in the same manner that he treats mail addressed to the Saratoga Residence.  He refuses to deliver all the mail addressed to the Trenton Lane Residence.

38.   On information and belief, mailman Rojas drew the conclusion that something fraudulent or nefarious was taking place at the Residences because Plaintiff Konan is black.  Rojas is backed in his assessment by Postmaster Jason Drake. Rojas does not treat any other person in the neighborhood the way he treats Ms. Konan.  He delivers mail addressed to residences owned by white people without exception, including residences in which there are multiple addressees.  He does not demand that the identities of all addressees at other residences be confirmed before delivering their mail.  He does not question who the owners of the other residences in the neighborhood are.

39. No one residing at either of the Residences has been informed that his/her mail is being withheld pursuant to an order of the Postal Service entered pursuant to

32 CFR § 3003(b). There is no mail fraud or other illegal activity being conducted out of the Residences. There is no dog or other danger interfering with the delivery of mail addressed to the Residences. There is no structural impediment that prevents the delivery of mail to either Residence. The withholding of mail addressed to the Residences is being unilaterally and intentionally carried out without authority or justification by mailman Rojas with the backing and support of the local Postmaster, Jason Drake.

40. At one point, Plaintiff attempted to avoid mailman Rojas by asking that all mail addressed to the Saratoga Residence be held at the Euless Post Office. She then went to the Post Office to pick up all mail addressed to the Saratoga Residence. The employees at the Post Office in Euless, acting on the instructions of Postmaster Drake, refused to give Plaintiff possession of the mail addressed to the Saratoga Residence unless and until she supplied the personal ID's of each person living at the Saratoga Residence to whom the mail was addressed.

**USPS Ratifies The Misconduct of Mailman Rojas and Postmaster Drake**

41. USPS has been repeatedly advised by Ms. Konan that mailman Ray Rojas and postmaster Drake are engaged in the intentional misbehavior described above. It has done nothing to correct the situation, and has given Rojas and Drake carte blanche to continue their discriminatory and damaging actions toward Ms. Konan.

42. A mail carrier who fails to deliver the mail as required by law commits a federal misdemeanor. 18 U.S.C. § 1693. Likewise, any person who "retards or obstructs" delivery of the mail commits a federal misdemeanor. 18 U.S.C. § 1701. Further, 18 USC § 1703 expressly provides that it is a felony for any postal employee to destroy, detain or delay mail that has been entrusted to USPS for delivery. Thus, a USPS employee's obligation to deliver the mail is not a discretionary function.

43. No mail addressed to occupants of either Residence is in furtherance of activity prohibited by 18 U.S.C. §§ 1302, 1341 or 1342. Thus, USPS has no authority to withhold its delivery under 39 U.S.C § 3003. In fact, no order has been issued by USPS pursuant to 39 U.S.C § 3003(b) authorizing the withholding and non-delivery of any such mail.

44. USPS's own regulations provide that its employees, while acting in their official capacity, shall not

> directly or indirectly authorize, permit, or participate in any action, event or course of conduct which subjects any person to discrimination, or results in any person being discriminated against, on the basis of race, color, religion, sex, national origin, or age.

39 FR § 447.21(c).

45. As a consequence of the blatant misconduct engaged in by USPS, including the misconduct of mail carrier Rojas and Postmaster Jason Drake – conduct that USPS has ratified and implicitly approved of by its failure to take any action to stop it – Plaintiff Konan (i) has lost substantial income through the loss of

tenants at the  Residence; (ii) has been unable to timely protest property tax statements because Rojas refused to deliver them to the Saratoga Residence; (iii) has had to ask American Express to cause her statements to be sent by Federal Express so that she can make timely payments; and (v) has experienced the humiliation associated with being deliberately and openly discriminated against on the basis of her race by USPS and its employees.

46.   Most critically, USPS, through the actions of mailman Rojas and Postmaster Drake, is intentionally destroying the value of Ms. Konan's properties at 1207 Saratoga Drive and 1116 Trenton Lane in Euless, Texas by driving both existing and prospective tenants away.  When tenants cannot receive their mail addressed to the appropriate Residence, they leave.

47.   To this day, Rojas and Drake continue to refuse to deliver properly-addressed mail to the Residences.  This is being done knowingly and intentionally. Both Rojas and Drake know that their deliberate actions are hurting Plaintiff Konan. Notwithstanding the fact that USPS has been fully informed of Rojas's and Drake's misconduct for more than a year, it has done nothing – absolutely nothing – to stop their blatant and illegal discrimination and attacks on Plaintiff.

48.  At all relevant times, Rojas the mailman and Postmaster Jason Drake were acting in their capacities as employees of the USPS.

49. As described above, the USPS has been aware of their misconduct for over a year – and has done nothing to stop them.

50. In accordance with Texas law, Drake, as the postmaster of the Euless Post Office, is a vice-principal of USPS.

## FEDERAL TORT CLAIMS ACT

51. The USPS is a "federal agency" within the meaning of 28 U.S.C. § 2671.

52. There is a statutory exception to the general waiver of sovereign immunity for actions against the Post Office. In 28 U.S.C. § 2680(b), Congress provided that there is no waiver of sovereign immunity for actions against the Post Office predicated on "the loss, miscarriage, or negligent transmission of letters or postal matter."

53. None of the exceptions to Congress's waiver of the Post Office's sovereign immunity are applicable here. Mail addressed to the Residence is not "lost" because it is not being destroyed or misplaced; USPS knows exactly where the mail is, but refuses to deliver it to the appropriate Residence address. Mail addressed to each Residence address is not being "miscarried" because it is not being delivered to the wrong address; it is not being delivered at all. Finally, this is not a case concerning "negligent transmission" of the mail; the mail is being intentionally and deliberately withheld. *Dolan v. Postal Service*, 546 U. S. 481, 126 S. Ct. 1252,

163 L. Ed. 2d 1079 (2006). There is no immunity for the Post Office's blatant, wanton and willful discriminatory treatment directed at Plaintiff Konan as described in detail above.

54.    By virtue of USPS's intentional and continuing tortious conduct, as described above, Ms. Konan is being subjected to immediate, ongoing irreparable injury in that; (i) she is being financially destroyed by the loss of significant income relating to the Residences because tenants leave when they do not receive mail and prospective tenants do not choose to live at either Residence once they learn that Rojas refuses to deliver their mail; (ii) Plaintiff is personally being denied access to critical items of mail, exposing her to loss of medical records, and loss of access to time-sensitive mail (including tax statements and financial mail) to which she must respond by specific deadlines; and (iii) Plaintiff is being subjected to the humiliation and emotional distress occasioned by ongoing racial discrimination perpetrated by employees of the USPS.

55.    For over a year, Ms. Konan has tried without success to secure relief from USPS. She has filed multiple complaints concerning Rojas with the local Postmaster, USPS's Inspector General's Office, USPS Customer Care Center, with Arthur Ortega and with Ms. Genevieve Ferguson, USPS Supervisor of Customer Support.  Ms. Ferguson advised in writing that "the carrier has been instructed to deliver everything addressed to 1207 Saratoga."  Notwithstanding Ms. Ferguson's

18

representation, mail carrier Rojas and Postmaster Drake continue to refuse to deliver mail addressed to 1207 Saratoga.   These two actors are refusing mail delivery to both Residences without any legal authority for doing so, and in direct violation of their responsibilities under law.

56.    USPS has been consistently and repeatedly advised of the problems created by mailman Rojas and Postmaster Drake.  Plaintiff has lodged at least fifteen complaints, but USPS has failed and refused to take any corrective action.  At this point, it is abundantly obvious that USPS has no intention of correcting the situation, and that it knowingly ratifies the actions of Rojas and Drake in withholding delivery of mail properly addressed to 1207 Saratoga and 1116 Trenton Lane in Euless, Texas.

57.    But for the actions of Defendants USPS, Rojas and Drake, Plaintiff Konan would not have suffered any of the injuries described in this Complaint.

## ADMINISTRATIVE COMPLAINT

58.  On June 25, 2021, Plaintiff mailed an administrative claim to USPS.  A genuine, true and correct copy of that claim is attached hereto as Exhibit A.

59.  In a letter dated July 21, 2021, USPS acknowledged that it had received Plaintiff's administrative claim on July 7, 2021, and reminded Plaintiff that USPS had six months from July 7, 2021 to administratively adjudicate Plaintiff's claim.  A

genuine true and correct copy of USPS's letter acknowledging receipt of the claim is annexed hereto as Exhibit B.

60. To date, the USPS has not adjudicated Plaintiff's claim. It has not responded to Plaintiff's claim at all. Accordingly, pursuant to 28 U.S.C. § 2675(a), Plaintiff elects to treat the claim as having been finally denied by USPS. Thus, the exhaustion requirement has been fully satisfied.

## POST-FILING INTIMIDATION AND OTHER INTERVENING FACTS IMPACTING PLAINTIFF'S DAMAGES

61. On or about September 16, 2021, well after Plaintiff had filed her administrative claim, she was leaving the Saratoga Residence when she was confronted on the front lawn of that Residence by a white male who claimed to be an agent with the "United States Postal Service's Bureau of Investigation."

62. The man in question told Plaintiff that the residents of the Saratoga Residence were required to register with the USPS if they wished to receive mail addressed to them at the Saratoga address. Plaintiff told the man that what he was saying was not true. She told him that Rojas and Drake were required to deliver all of the mail addressed to the Saratoga Residence, but were continuing to refuse to do so.

63. When Plaintiff mentioned Drake's name, the man became nervous. When Plaintiff asked the man for identification, he hurriedly headed for his vehicle. He refused to provide his name or to provide identification. Plaintiff followed him to

his car, repeatedly requesting that the man provide his name and identification. He ignored Plaintiff's requests, hopped into a silver Chevy Silverado with Texas license plate NVW 9166 and drove away without identifying himself.

64. There is no agency or department known as the "United States Postal Service's Bureau of Investigation."

65. Plaintiff believes that this man who confronted her on September 16, 2021 was not affiliated with USPS at all, but was sent by Rojas and/or Drake to intimidate her.

66. Rojas's and Drake's refusal to deliver all mail addressed to the Residences commenced in May of 2020, and they continue to engage in this behavior today. Although USPS has been repeatedly alerted to the misconduct of Rojas and Drake, it has done nothing to stop such misconduct. It has ratified and adopted their misconduct.

## COUNT 1

## NUISANCE

67. Plaintiff repeats and realleges the allegations set out in paragraphs 1-66 above as if set forth in their entirety herein.

68. By virtue of the USPS's intentional misconduct through employees Rojas and Postmaster Drake, USPS has interfered with Plaintiff's ownership of the Residences and greatly diminished their value to her. As mentioned, she leases

rooms in both Residences. When residents cannot get their mail, they leave. Plaintiff has lost at least $50,000 in revenue because residents at her two Residences were compelled to leave when they consistently failed to receive their mail.

69. USPS's refusal to deliver mail to individuals residing at the Residences has created a condition that substantially interferes with Plaintiff's ownership, use and enjoyment of the Residences. The actions of USPS, through Rojas and Drake, have caused unreasonable discomfort or annoyance to Plaintiff's (and her tenants') ability to use and enjoy the Residences.

70. As a direct consequence of USPS's intentional failure and refusal to deliver properly addressed mail to the respective Residences, Plaintiff Konan has sustained damages in the amount of at least $50,000.

## COUNT II

### TORTIOUS INTERFERENCE WITH
### PROSPECTIVE BUSINESS RELATIONS

71. Plaintiff repeats, realleges and incorporates the allegations set out in paragraphs 1 through 70 above as if set forth in their entirety at this point in her Complaint.

72. At all relevant times, USPS, through mailman Rojas and Postmaster Drake, was aware that Plaintiff leased rooms in the Residences to other individuals in exchange for rent.

73.    By refusing to deliver mail to tenants residing at 1207 Saratoga and 1116 Trenton Lane in Euless, Texas, USPS, through Mailman Ray Rojas and Postmaster Drake, knew that it would not only pressure Plaintiff's existing tenants to move out in lieu of extending their leasing arrangements, but also that its actions would interfere with Plaintiff's ability to enter into arrangements with new tenants and to extend leasing arrangements with its existing tenants.

74.    By destroying Plaintiff's reputation as a landlord, USPS deliberately and intentionally interfered with Plaintiff's prospective business relations (as distinguished from interference with Plaintiff's existing contractual relations) with new tenants and with tenants who would otherwise have continued leasing from her.

75.    As a direct consequence of Defendants' intentional misconduct, Ms. Konan has suffered actual damages in  the amount at least equal to $25,000.

## COUNT III

## CONVERSION

76.    Plaintiff repeats, realleges and incorporates the allegations set out in paragraphs 1 through 75 above as if set forth in their entirety at this point in her Complaint.

77.    Plaintiff was and is entitled to possession of all mail addressed to her at either Residence.

78.    Defendant USPS, through Rojas and Drake, assumed and exercised dominion and control over Plaintiff's property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with Plaintiff's rights;

79.    Plaintiff has made repeated demands that all of her mail be delivered into her possession.

80.    Defendant USPS has refused to deliver and has wrongfully withheld mail addressed to Plaintiff.

81.    By detaining Plaintiff's mail and refusing to deliver it into Plaintiff's possession, USPS has knowingly and willfully converted Plaintiff's property.

82.    As a direct consequence of USPS's conversion of her property, Plaintiff Konan has suffered actual damages in an amount at least equal to $25,000.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.    Plaintiff repeats, realleges and incorporates the allegations set out in paragraphs 1 through 82 above as if set forth in their entirety at this point in her Complaint.

84.    USPS, through mailman Ray Rojas and Postmaster Drake (and perhaps other of its personnel), has deliberately subjected Plaintiff Konan to humiliating treatment over a period of almost two years.

85. Notwithstanding the fact that she has repeatedly called USPS's attention to the fact that mail carrier Ray Rojas, with the consent and approval of Postmaster Drake, has and continues to withhold and divert her mail and mail addressed to the residents of her two Residences without justification, it has allowed – and continues to allow – mail carrier Rojas and Postmaster Drake to continue engaging in this illegal, unethical and discriminatory behavior.

86. USPS is condoning what is clearly intentional, racially-motivated mistreatment of Ms. Konan. No other customer on Rojas's delivery route is subjected to the indignities to which mailman Rojas and Postmaster Drake have subjected Ms. Konan.

87. Plaintiff has experienced severe emotional distress as a consequence of actions taken by Rojas and Drake that have been ratified and approved by Defendant USPS. Among other thigs, she is constantly nervous about what Rojas and Drake will do next, constantly loses sleep thinking about it, feels helpless because USPS has done nothing to stop the actions of Rojas and Drake and constantly worries about the loss of her sources of income and the destruction of the value of her Residences.

88. In addition to the events described in Plaintiff's administrative claim, the attempt to intimidate Plaintiff launched by Rojas and Drake after the filing of her administrative complaint caused Plaintiff deep concern and worry for her physical safety.

89.  The activities by the USPS employees described above reflect extreme and outrageous incidents of blatant racial discrimination.

90.  Through its misconduct in this matter, USPS has deliberately and intentionally inflicted emotional distress on Ms. Konan.

91.  Ms. Konan is extremely stressed and publicly humiliated by what USPS has done.  She is constantly bombarded with questions from the residents who live at her two Residences why she cannot stop Rojas from withholding and diverting their mail.  She worries that Rojas's behavior is going to jeopardize her financial security; she worries that tenants will continue to leave, destroying her ability to generate the rental income that forms a substantial part of what she depends on in order to live.

92.  Plaintiff has had to change the manner in which she lives her daily life in order to address the problems created by USPS.  She now uses commercial carrier services to deliver items of importance (checks, property tax statements, drug prescriptions, etc.) that she had previously entrusted to USPS.  If important materials are accessible to her locally, Plaintiff will personally pick them up instead of having them delivered to her by mail. She constantly wonders what items of important or time-sensitive mail Rojas might have withheld and diverted.

93.  Plaintiff also worries about the potential for violence.  In at least one instance, a resident at the Saratoga Residence whose mail was not being delivered

directly confronted Rojas. This nearly led to a physical altercation between the resident and Rojas. Ms. Konan is constantly worried that Rojas and one of the residents living at the Saratoga or Trenton Lane Residences will engage in a violent confrontation where someone will be injured. She has advised all those living at her Residences that they are not to confront Rojas, and that the situation is being handled in the court; however, many are becoming exasperated with Rojas's misbehavior and their inability to receive mail.

94. Ms. Konan has personally had to change her normal daily routine due to Rojas's discriminatory behavior. When Rojas refused to deliver prescribed medications for her son to the Saratoga residence, Ms. Konan was compelled to change delivery instructions to enable her to pick the prescribed medications directly at the pharmacy. To ensure that she receives important notices, including property tax notices and financial statements, Ms. Konan has them delivered by private carriers (i.e. FedEx or UPS).

95. As a direct consequence of USPS's intentional misconduct, Ms. Konan has suffered emotional distress damages in the amount at least equal to $50,000.

## COUNT V

## DENIAL OF EQUAL PROTECTION

### (AGAINST DEFENDANTS ROJAS AND DRAKE)

96.   Plaintiff repeats, realleges and incorporates the allegations set out above in paragraphs 1-95 above as if set forth at this point in her Complaint.

97.   Plaintiff is an African-American woman.

98.   Pursuant to 42 U.S.C. § 1981, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to … to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

99.   Pursuant to 42 U.S.C. § 1985, "two or more persons in any State or Territory [who] conspire … for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws" may be held liable "for damages occasioned by such injury."

100.   Pursuant to 28 U.S.C. § 2679(b)(2)(A), Rojas and Drake may be sued for violating Plaintiff's constitutional rights.  Through their actions described above, Defendants Rojas and Drake conspired to violate Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.

101.   Specifically, by engaging in the conduct described above, Defendants Rojas and Drake deprived Plaintiff, directly or indirectly, of the equal protection of the laws and of her privileges and immunities under the Constitution on the basis of her race.

102.   Rojas and Drake have singled Plaintiff out for discrimination on the basis of her race, and have denied her access to the postal privileges accorded to white citizens.   She is suffering ongoing injury as a direct result of the unconstitutional actions of Rojas and Drake.  Further, the latter have made it clear that they will continue to inflict irreparable injury on Plaintiff unless they are enjoined from doing so.

103.  Plaintiff requests that Defendants Rojas and Drake (i) be held jointly and severally liable for damages to Plaintiff in the amount of not less than $100,000; and (ii) be permanently enjoined from directing or countenancing the non-delivery of mail addressed to either 1207 Saratoga Dr. or 1116 Trenton Lane in Euless, Texas.

## ATTORNEYS' FEES

104.  Plaintiff seeks recovery of attorneys' fees from USPS in the maximum amount permitted under 32 CFR § 750.35.

## PRAYER FOR RELIEF

Plaintiff Lebene Konan respectfully requests that the Court enter judgment in this matter awarding Plaintiff the following relief:

A. Monetary damages against defendant United States Postal Service for (i) nuisance; (ii) tortious interference with prospective business relations; (iii) conversion; and (iv) intentional infliction of emotional distress;

B. Pursuant to 42 U.S.C. §§ 1981 and 1985, monetary damages against Defendants Raymond "Ray" Rojas and Jason Drake, jointly and severally, for conspiracy to deprive Plaintiff of her constitutional rights to equal protection of the laws and the privileges and immunities guaranteed to her by the Fifth and Fourteenth Amendments to the Constitution of the United States;

C. A permanent injunction against Defendants Raymond "Ray" Rojas and Jason Drake (i) directing them to deliver all mail addressed to either Residence; and (ii) barring them from all further acts of racial discrimination against Plaintiff. Ms. Konan further requests that the

Court enter judgment for such further and additional relief she may be justly entitled to receive.

Respectfully,

/s/ Robert Clary
State Bar No. 04325300
405 Windward Dr.
Murphy, Texas 75248
Phone: (972) 757-5690
Fax: (972) 692-8212

COUNSEL FOR PLAINTIFF
LEBENE KONAN

## PLAINTIFF'S VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2022.

Lebene Konan