IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| LEBENE KONAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br>UNITED STATES OF AMERICA,<br>RAYMOND "RAY" ROJAS AND JASON<br>DRAKE,<br><br>    Defendant. | Civil Action No. 3:22-CV-139-S |

**MOTION TO DISMISS OF DEFENDANT UNITED STATES POSTAL SERVICE**

In this case, plaintiff Lebene Konan asserts tort claims against the United States Postal Service (USPS) for nuisance, tortious interference with prospective business relations, conversion, and intentional infliction of emotional distress. (*See* Doc. 7 (first amended complaint).) As discussed below, though, Konan's attempt to sue USPS in tort is jurisdictionally barred by the doctrine of sovereign immunity. Accordingly, all claims against USPS should be dismissed for lack of jurisdiction.

### I.   Background[1]

Konan owns two houses in Euless, Texas, that she apparently operates as boarding houses by renting rooms to different individuals. (Doc. 7, ¶¶ 1, 9.) The houses do not

---

[1] The information in the background section is taken from Konan's first amended complaint (Doc. 7) and is assumed to be true for purposes of this motion only.

Motion to Dismiss of Defendant United States Postal Service – Page 1

have their own mailboxes on site at the physical location of each house. (Doc. 7, ¶ 10.) Instead, each house is in a neighborhood in which all the houses have designated mailboxes contained within a single metal structure that is stationed in the middle of the neighborhood. (Doc. 7, ¶ 10.) The mail for each residence in the neighborhood is deposited into the assigned box in this central structure, and then can be retrieved by unlocking that specific box. (Doc. 7, ¶ 10.) Konan explains that she had a key for each house's mailbox and that her routine practice was to collect the mail addressed to the various tenants at those houses and distribute it to them. (Doc. 7, ¶ 11.) In addition, although Konan apparently does not herself live at either house (she instead states that "[f]rom time to time, [she] stays at each Residence to keep a watchful eye on how the residents treat her properties"), she "had much of her own business mail" delivered to one of the houses. (Doc. 7, ¶¶ 9, 11.)

This situation changed in May 2020, according to Konan, when a USPS mail carrier changed the lock on the mailbox for one of her rental houses and designated a person named Ian Harvey (who Konan states was a tenant at the property) as the person with access to the mailbox. (*See* Doc. 7, ¶¶ 12–14.) Konan protested this change with USPS and states that she was asked to provide information about who owned the property and to confirm her own identity. (Doc. 7, ¶¶ 17–18.) A USPS supervisor informed Konan that there was some belief that Harvey was the "actual owner" of the house and that while this issue was being investigated, USPS would not be delivering any mail for the house. (Doc. 7, ¶¶ 18–19.) Konan states that she was later informed that the postmaster of the Euless post office had directed his employees not to deliver any mail to

the house "unless the individuals to whom mail was addressed at the [house] first provided proof that they were actually living there." (Doc. 7, ¶ 23.) According to Konan, mail addressed to her and others at the house was marked as "undeliverable," including "[i]mportant mail addressed to both Plaintiff Konan and her tenants, including doctor's bills, medications, credit card statements, car titles and property tax statements." (Doc. 7, ¶ 24.) Although this situation initially occurred at only one of her two houses in Euless, Konan states that when a USPS mail carrier "discovered that Plaintiff also owned" the second similar rental house in Euless, "he started to withhold mail addressed to that location as well." (Doc. 7, ¶ 37.)

Konan alleges that USPS's handling of the mail addressed to the two houses she owns in Euless is "intentionally destroying the value of [her] properties . . . by driving both existing and prospective tenants away," because "[w]hen tenants cannot receive their mail addressed to the appropriate Residence, they leave." (Doc. 7, ¶ 47.) Invoking the Federal Tort Claims Act, (*see* Doc. 7, ¶ 6 (citing 28 U.S.C. § 146(b)), Konan asserts causes of action against USPS for nuisance, tortious interference with prospective business relations, conversion, and intentional infliction of emotional distress, and seeks damages in excess of $25,000 or $50,000 for each count. (Doc. 7, ¶¶ 68–96 & Prayer for Relief.) USPS now moves to dismiss all claims against it for lack of jurisdiction.

## II.  Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th

Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citation omitted).

The federal government's sovereign immunity is jurisdictional in nature. *Hernandez v. United States*, 757 F.3d 249, 259 (5th Cir. 2014). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The party seeking relief has "the burden of proving that Congress has consented to suit by affirmatively waiving sovereign immunity in the specific context at issue." *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 232 (5th Cir. 2015).

### III.   Argument and Authorities

The Court should dismiss all claims asserted against USPS because sovereign immunity has not been waived to allow a tort suit like this one against USPS. The United States and its agencies enjoy sovereign immunity from suit unless Congress has specifically consented to the suit, *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983), and the plaintiff bears the burden of showing a waiver of immunity, *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). The government's consent to suit "is a prerequisite to federal jurisdiction," *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012), and Congress's waiver of immunity "must be unequivocally expressed in statutory text . . .

and will not be implied," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

Konan cites 28 U.S.C. § 1346(b) as a jurisdictional basis for her claims, (*see* Doc. 7, ¶ 6), but that statute actually confirms that no jurisdiction exists. Section 1346(b) creates jurisdiction for claims under the Federal Tort Claims Act but provides jurisdiction only for "civil actions on claims *against the United States*." 28 U.S.C. § 1346(b) (emphasis added). The Federal Tort Claims Act thus authorizes a suit against only the United States (and, even then, only under certain limited circumstances—e.g., if no exception applies—and if an administrative process has been properly exhausted first). *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). As the Fifth Circuit has explained, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (citing *Gregory v. Mitchell*, 634 F.2d 199, 204–05 (5th Cir. 1981); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975)). That is exactly the case here—Konan is bringing tort claims against a "federal agency," but the only possible proper defendant in any Federal Tort Claims Act suit is the "United States itself." *Id.* Thus, all claims against USPS should be dismissed.

Konan also cites 39 U.S.C. § 409(a) as a second possible jurisdictional basis for her suit. (Doc. 7, ¶ 6.) Section 409(a) states that ""[e]xcept as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). However, the statute goes on to specify that "[t]he provisions of chapter 171 [where most provisions

of the Federal Tort Claims Act are codified] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." *Id.* § 409(c). And as noted above, another provision within title 28—28 U.S.C. § 1346(b)(1)—limits the jurisdictional grant for tort suits against the government to suits against "the United States."

Thus, section 409 "does not in and of itself allow for the Postal Service to be sued in its own name" when the case sounds in tort. *Jenssen v. U.S. Postal Serv.*, 763 F. Supp. 976, 978 (N.D. Ill. 1991). Instead, the terms of the Federal Tort Claims Act control. *See also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (explaining that although "the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name," the Federal Tort Claims Act applies to tort claims arising from USPS's activities (internal quotation marks and citation omitted)). This is consistent with the well-established principle that the Federal Tort Claims Act "is the *exclusive* remedy for tort claims arising from the actions of government agencies or employees." *Galvin*, 860 F.2d at 183 (emphasis added). As noted above, the Federal Tort Claims Act allows for suit against only the United States (if anyone at all[2]), and therefore Konan's claims against USPS are subject to dismissal notwithstanding the existence of 39 U.S.C. § 409(a). *See Vernell v. U.S. Postal Serv.*,

---

[2] For the reasons discussed in the separate motion to dismiss filed by the United States, an exception to the Federal Tort Claims Act at 28 U.S.C. § 2680(b) preserves the sovereign immunity of the United States in the circumstances of this particular case. (*See* Doc. 15 at 5–9.) Thus, even if USPS were somehow generally subject to suit under the Federal Tort Claims Act (which it is not), this same exception would still apply to any claims against it and bar this suit.

**Motion to Dismiss of Defendant United States Postal Service – Page 6**

819 F.2d 108, 109 (5th Cir. 1987) (noting the proper dismissal of a tort claim against USPS "because the Postal Service was an improper defendant"); *Shoffield Rincon v. United States*, No. 1:14-CV-45, 2014 WL 12617818, at *2 (S.D. Tex. Aug. 11, 2014) (explaining in a tort suit that "the United States is the only proper defendant, and the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim against the USPS").

Finally, Konan has also invoked 28 U.S.C. 1331, the general federal question statute, as a jurisdictional basis for her suit. (Doc. 7, ¶ 6.) But it is well settled that "the language of § 1331 does not include any explicit waiver of sovereign immunity . . . . [a]nd indeed, § 1331 does *not* waive sovereign immunity." *Glenewinkel v. Carvajal*, No. 3:20-CV-2256-B, 2021 WL 2952833, at *3 (N.D. Tex. July 14, 2021) (citing 28 U.S.C. § 1331; *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994); *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012)). Thus, section 1331 cannot support any claim by Konan against USPS.

### IV. Conclusion

All claims against USPS should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendant
United States Postal Service

Certificate of Service

On April 2, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

**Motion to Dismiss of Defendant United States Postal Service – Page 8**