# United States District Court

## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| LEBENE KONAN | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES POSTAL SERVICE, | § | CIVIL ACTION NO. 3:22-CV-0139-S |
| UNITED STATES OF AMERICA, | § | |
| RAYMOND "RAY" ROJAS, and JASON | § | |
| DRAKE | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motion to Dismiss of Defendant United States of America [ECF No. 15], the Motion to Dismiss of Defendant United States Postal Service [ECF No. 17], and the Motion to Dismiss of Defendants Raymond "Ray" Rojas and Jason Drake [ECF No. 22] (collectively, "Motions"). The Court has considered Plaintiff's First Amended Complaint [ECF No. 7], the Motions, Plaintiff's Brief in Opposition to Defendant United States of America's Motion to Dismiss [ECF No. 19], Appendix to Plaintiff's Brief in Opposition to the United States of America's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) [ECF No. 20], Plaintiff's Response to the Motion to Dismiss Filed by the United States Postal Service [ECF No. 21], Reply in Support of Motion to Dismiss of Defendant United States of America [ECF No. 24], Plaintiff's Surreply Brief in Opposition to Defendant United States of America's Motion to Dismiss [ECF No. 27], Reply in Support of Defendant United States Postal Service's Motion to Dismiss [ECF No. 28], Plaintiff's Response in Opposition to the Motion to Dismiss Filed by Defendants Rojas and Drake [ECF No. 29], Reply in Support of Motion to Dismiss of Defendants Raymond "Ray" Rojas and Jason Drake [ECF No. 30], and the applicable law. For the reasons set forth below, the Court **GRANTS** the Motions.

## I. BACKGROUND

Plaintiff Lebene Konan brings this tort and discrimination action against Defendants United States of America ("United States"); United States Postal Service ("USPS"); Raymond "Ray" Rojas ("Rojas"), a mail carrier for USPS; and Jason Drake ("Drake"), a Postmaster for USPS. *See* Plaintiff's First Amended Complaint ("Compl.") [ECF No. 7] ¶¶ 2-5. Plaintiff alleges that Rojas and Drake (collectively, "Individual Defendants"), "acting in their capacities as employees of the USPS[,]" intentionally withheld and refused to deliver Plaintiff's mail to two residences she owned and leased to tenants in Euless, Texas ("Residences"). *Id.* ¶ 49; *see id.* ¶¶ 13, 20, 23-25, 37-38, 49. According to Plaintiff, Rojas and Drake failed to deliver her mail because "[t]hey do not like the idea that a black person owns the Residences, and leases rooms in the Residences to white people." *Id.* ¶ 28.

Plaintiff alleges that the discrimination against her began when Rojas unilaterally changed the lock on a mailbox belonging to one of her Residences, located at 1207 Saratoga Drive ("Saratoga Residence"), without her permission. *Id.* ¶ 13. Plaintiff claims that on information and belief, Rojas did not change the lock on mailboxes belonging to any other residence owner on his route or refuse to deliver mail to similar multi-family residences owned by "white people." *Id.* ¶ 16. Plaintiff states that on May 15, 2020, she went to the Post Office to inquire why the lock to her mailbox was changed without notice or consent. *Id.* ¶ 17. Plaintiff alleges the personnel at the Post Office advised her that USPS would not deliver any mail to the Saratoga Residence until its ownership was "investigated by USPS's Inspector General and conclusively established." *Id.* ¶ 19.

While the Inspector General conducted the investigation over the next two to three months, Plaintiff contends that no mail was delivered to the Saratoga Residence. *Id.* ¶ 20. Plaintiff claims she lost expected rental income when several of her tenants moved out as a result. *Id.* According

to Plaintiff, while the investigation ultimately concluded that Plaintiff owned the Saratoga Residence and mail delivery temporarily resumed, Drake instructed Rojas and other employees working under him "not to deliver any mail properly addressed to the Saratoga Residence unless the individuals to whom mail was addressed at the Saratoga Residence first provided proof that they were actually living there." *Id.* ¶¶ 21-23.

Plaintiff alleges that Rojas, with Drake's encouragement, refused to deliver Plaintiff's mail and some of her tenants' mail, returning the mail to the Post Office where he had it marked as "undeliverable." *Id.* ¶¶ 24-25. Plaintiff claims that she and some of her tenants did not receive important mail addressed to them including "doctor's bills, medications, credit card statements, car titles and property tax statements." *Id.* ¶ 24.

Plaintiff alleges that in April 2021, Rojas discovered Plaintiff owned another residence located at 1116 Trenton Lane in Euless, Texas, and, with Drake's support, started to withhold mail addressed to this location as well. *Id.* ¶¶ 37-38. Plaintiff alleges Rojas and Drake have engaged in this behavior because she is African American. *Id.* ¶ 39. Plaintiff alleges she repeatedly advised USPS of Rojas and Drake's intentional misbehavior, but nothing has been done to correct the situation. *Id.* ¶ 42. "To this day," Plaintiff claims, "Rojas and Drake continue to refuse to deliver properly-addressed mail to" both Residences. *Id.* ¶ 48.

Plaintiff asserts common law tort claims against USPS pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), including nuisance, tortious interference with prospective business relations, conversion, and intentional infliction of emotional distress. *Id.* ¶¶ 68-96. Plaintiff also asserts these claims against the United States because she contends the United States "is liable to Plaintiff for the payment of" damages under these claims.[1] *Id.* ¶¶ 71, 76,

---

[1] As discussed more fully below, some confusion has arisen as to whether Plaintiff also intends to allege her state-law tort claims against Rojas and Drake.

83, 96. Against Rojas and Drake, Plaintiff asserts claims for denial of equal protection of the law pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1985. *Id.* ¶¶ 97-104.

USPS and the United States now move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Individual Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and based on qualified immunity.[2]

## II.   LEGAL STANDARD

### A. *Rule 12(b)(1)*

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cnty.*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(1) is the vehicle through which a party can challenge a federal court's subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The district court may dismiss for lack of subject-matter jurisdiction based on the complaint alone. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The court must accept all factual allegations in the complaint as true. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). If the

---

[2] The Court does not reach the Individual Defendants' qualified immunity arguments because it finds dismissal of the First Amended Complaint proper on jurisdictional grounds and under Rule 12(b)(6).

court determines that it lacks subject-matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

## B. *Rule 12(b)(6)*

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the

5

plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.   ANALYSIS

Plaintiff alleges four state-law claims: nuisance, tortious interference with prospective business relations, conversion, and intentional infliction of emotional distress. Compl. ¶¶ 68-96. She also asserts a "denial of equal protection" claim against the Individual Defendants, citing 42 U.S.C. §§ 1981 and 1985. *Id.* ¶¶ 97-104. To the extent Plaintiff intended to allege her state-law claims against the Individual Defendants, those claims fail because the FTCA does not provide a jurisdictional basis for claims based on conduct falling outside the scope of a federal actor's employment or claims that name federal employees as defendants. The Court lacks subject-matter jurisdiction over Plaintiff's state-law claims against USPS because, under the FTCA, the United States is the only proper party to such claims. Plaintiff's state-law claims against the United States fail for lack of subject-matter jurisdiction because they fall within the postal-matter exception to the waiver of sovereign immunity under the FTCA. 28 U.S.C. § 2680(b). Plaintiff's constitutional allegations against the Individual Defendants fail to state a claim upon which relief can be granted because Sections 1981 and 1985 do not apply to federal actors and because Section 1985 does not apply to individuals employed by the same legal entity.

### A. *FTCA Claims*

The United States and its agencies generally enjoy sovereign immunity from suit. *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (providing the government's consent to be sued "is a prerequisite to federal jurisdiction"). Absent a waiver of this immunity or consent to be sued, any suit brought

against the United States or any federal agency must be dismissed for lack of subject-matter jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("[T]he absence of such a waiver is a jurisdictional defect." (quoting *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007))); *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 389 (5th Cir. 2003) ("Sovereign immunity implicates subject matter jurisdiction."). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (citation omitted).

The FTCA performs three main functions: it confers federal courts with exclusive jurisdiction over state-law tort claims brought against the United States and its employees acting in the scope of their employment, it designates suit against the United States as the exclusive remedy for such claims, and it waives sovereign immunity from those claims, with certain exceptions. The jurisdiction provision of the FTCA provides that:

> [D]istrict courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Importantly, long-held precedent instructs that the phrase "the law of the place" refers "exclusively to state law." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) (citing *Brown v. United States*, 653 F.2d 196, 201 (5th Cir. 1981)). As such, the only "torts" contemplated by the FTCA are those arising under state law.

The FTCA also "waives the United States' sovereign immunity from tort suits" under 28 U.S.C. § 2674 and serves as "the exclusive remedy for compensation for a federal employee's

tortious acts committed in the scope of employment" under 28 U.S.C. § 2674. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *Id.*; *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."); *see also Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011) ("It is well established that FTCA claims may be brought against only the 'United States,' and not the agencies or employees of the United States.").

i.   *Individual Defendants*

The Court lacks subject-matter jurisdiction over Plaintiff's FTCA claims for nuisance, tortious interference with prospective business relations, conversion, and intentional infliction of emotional distress as to all Defendants, including the Individual Defendants. As a preliminary matter, it is unclear whether Plaintiff meant to allege these claims against all Defendants or just the United States and USPS. The Individual Defendants moved to dismiss only Plaintiff's constitutional claim, asserting that no state-law claims are alleged against them. ECF No. 30 at 5. In her Response to the Individual Defendants' Motion to Dismiss, Plaintiff argues not only that her claims against the Individual Defendants include torts governed by the FTCA, but also that the Individual Defendants waived their immunity under the FTCA by declaring in their Motion to Dismiss briefing that "Rojas and Drake are not arguing that Konan's claims against them are precluded by the immunity conferred in section 2679(b)(1)." ECF No. 29 at 6 n.2 (quoting ECF No. 22 at 6 n.3.). Plaintiff avers that this "waiver" could allow her to "sue the federal employee under any federal or state statute that may apply[.]" *Id.* at 7 n.4.

8

Assuming without finding that the First Amended Complaint plainly manifests an intent to allege state-law tort theories against the Individual Defendants, the Court finds that the quoted sentence from the Individual Defendants' Motion to Dismiss is not a waiver of immunity from Plaintiff's state-law claims because the Individual Defendants did not move to dismiss those claims. ECF No. 22 at 1. Rather, the Individual Defendants' Motion to Dismiss, and any purported waiver or concession contained therein, could only encompass the claim subject to the motion – Plaintiff's constitutional claim – which has no relevance to Section 2679(b)(1) or any other FTCA provision. *Id.*; *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) ("[E]ven a violation of the United States Constitution . . . is not within the FTCA unless the complained of conduct is actionable under the local law of the state where it occurred.").

Further, any state-law tort claims Plaintiff intended to assert against the Individual Defendants must fail for lack of subject-matter jurisdiction regardless of whether or not the Individual Defendants acted within the scope of their employment. The FTCA confers jurisdiction over claims for tortious acts "committed in the scope of employment." *McGuire*, 137 F.3d at 324. Plaintiff raises alternative arguments in her Response suggesting that the Individual Defendants' alleged conduct might fall outside the scope of their employment. *See, e.g.*, ECF No. 29 at 16. If the alleged conduct fell outside the scope of the Individual Defendants' employment, the FTCA would not cover Plaintiff's claims at all. *Leleux v. United States*, 178 F.3d 750, 757 (5th Cir. 1999) (citing *Sheridan v. United States*, 487 U.S. 392, 401 (1988) (interpreting statutory language of the FTCA to conclude that "[t]he tortious conduct of [a federal employee], not acting within the scope of his office or employment, does not in itself give rise to Government liability")). Without the FTCA, Plaintiff's state-law tort claims do not "aris[e] under the Constitution, laws, or treaties of the United States" for the purposes of 28 U.S.C. § 1331. The only other federal statute Plaintiff

cites as a jurisdictional basis for her claims is 39 U.S.C. § 409, which directs her claims back to the FTCA. *See* § 409(c) ("The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."). Thus, to the extent the Individual Defendants' alleged wrongful conduct falls outside the scope of their employment, Plaintiff's state-law claims lack federal question jurisdiction.

Despite Plaintiff's exploration of the scope of employment issue in her Motion to Dismiss briefing, she conceded on the face of the First Amended Complaint that, "[a]t all relevant times," the Individual Defendants "were acting in their capacities as employees of the USPS." Compl. ¶ 49. By conceding that the Individual Defendants acted in their capacities as federal employees, Plaintiff situated her state-law tort claims squarely within the ambit of the FTCA, which requires her to name the United States as "the sole defendant." *McGuire*, 137 F.3d at 324. "[T]he FTCA does not provide a jurisdictional basis" for state-law tort claims naming federal employees as defendants. *Walters*, 409 F. App'x at 784 (affirming dismissal of state-law tort claims alleged against Veterans Affairs (VA) hospital and VA doctor for lack of subject-matter jurisdiction because the FTCA only covers claims alleged against the United States and the plaintiff-appellants offered no other basis for federal jurisdiction). Accordingly, even if Plaintiff had alleged her state-law tort claims against the Individual Defendants, such claims could only survive in this Court as FTCA claims alleged solely against the United States.

ii.    *USPS*

Similarly, Plaintiff cannot pursue her state-law claims against USPS in this Court. Under the FTCA, the United States is the sole party that may be sued for injuries arising out of the negligent or wrongful act or omission of its employees. *See* 28 U.S.C. § 1346(b). USPS, as an agency of the United States, may not be sued under the FTCA. *Galvin*, 860 F.2d at 183 ("It is

beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."); *see also King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 n.2 (5th Cir. 2013); *Atorie Air, Inc. v. F.A.A. of U.S. Dep't of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991) ("All suits brought under the FTCA must be brought against the United States." (citation omitted)). Therefore, the Court lacks subject-matter jurisdiction over Plaintiff's state-law claims against USPS.

### iii.   *United States*

The FTCA "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman*, 556 F.3d at 335. "The FTCA subjects the United States to liability for personal injuries caused by the negligent or wrongful act or omission of any employee of the Government." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000) (internal quotation marks and citation omitted). However, the FTCA exempts from this waiver of sovereign immunity "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Thus, the United States may be liable if postal workers "commit torts under local law, but not for claims defined by this exception." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006). When a claim falls within the statutory exception to the FTCA's waiver of sovereign immunity, the Court lacks subject-matter jurisdiction to hear the case. *See Cascabel Cattle Co., L.L.C. v. United States*, 955 F.3d 445, 450 (5th Cir. 2020).

Plaintiff argues that her claims do not arise out of the "loss, miscarriage, or negligent transmission of letters or postal matter" because she has alleged that USPS intentionally and deliberately refused to deliver her mail. ECF No. 19 at 16-17. In her view, the "postal-matter exception" apples only to negligent acts, not to intentional torts. *See id.* However, according to the

11

plain language of the statute, the word "negligent" modifies only the noun "transmission." 28 U.S.C. § 2680(b). No such qualifier modifies the nouns "loss" or "miscarriage," indicating an intent to retain immunity for intentional acts of "loss" and "miscarriage" of "letters or postal matter." *Id.*

The Fifth Circuit has not yet ruled on whether the postal matter exception applies to intentional acts, but other courts have applied the exception in cases where the postal carrier intentionally or purposefully failed to deliver mail. *Levasseur v. USPS*, 543 F.3d 23, 24 (1st Cir. 2008) (holding the exception barred claim alleging USPS employee had stolen or intentionally hidden political campaign flyers to prevent flyers from being delivered to voters before the election); *C.D. of NYC, Inc. v. USPS*, 157 F. App'x 428, 429 (2d Cir. 2005) (holding "theft of parcels by a federal employee responsible for the supervision of mail . . . falls within the exception"); *Benigni v. United States*, 141 F.3d 1167, 1998 WL 165159, at *1 (8th Cir. 1998) (affirming dismissal of loss-of-mail claims against United States because postal-matter exception barred suit for intentionally withheld mail); *Valdez v. United States*, 365 F. Supp. 3d 1181, 1185-86 (D.N.M. 2019) (holding mail tampering and refusal to deliver mail claims were barred); *Erlich v. United States*, No. 17-01245-RAJ, 2018 WL 3608404, at *4 (W.D. Wash. Jul. 26, 2018) (holding temporary suspension of home mail delivery was barred by the postal-matter exception). The Court finds the reasoning in the foregoing cases persuasive.

Plaintiff's allegations arise out of the "loss" and "miscarriage" of "letters or postal matter" because they all relate to "personal or financial harms arising from nondelivery . . . of sensitive materials or information (*e.g.*, medicines or a mortgage foreclosure notice)" and other mail. *Dolan*, 546 U.S. at 489 (reasoning that Congress's intent behind the postal-matter exception was to retain immunity "for injuries arising, directly or consequentially, because mail either *fails to arrive at all*

or arrives late, in damaged condition, or at the wrong address," since such harms relate to "the Postal Service's function of transporting mail" (emphasis added)). Plaintiff alleges that:

- She suffered loss of income after her tenants moved out because USPS continually failed to deliver their mail. Compl. ¶ 69.

- The mail delivery problems interfered with her ability to attract new tenants. *Id.* ¶ 74.

- The Individual Defendants, acting in their capacity as employees of USPS, converted her property by refusing to deliver, and retaining possession of, her personal mail. *Id.* ¶¶ 81-82.

- She has suffered emotional distress and public humiliation because of USPS's refusal to step in and make Rojas deliver her mail to the Residences and because her tenants "constantly bombard[]" her with questions about "why she cannot stop Rojas from withholding and diverting their mail." *Id.* ¶¶ 88-89, 92-95.

All of these claims allege that Plaintiff suffered "personal [and] financial harms arising from nondelivery [of postal matter]." *Dolan*, 546 U.S. at 489. Thus, her FTCA claims against the United States fall within the postal-matter exception and are barred by sovereign immunity.

### B. *Equal Protection Claim*

Citing 42 U.S.C. §§ 1981 and 1985,[3] Plaintiff alleges that the Individual Defendants "conspire[ed] to deprive Plaintiff of her constitutional rights to equal protection of the laws and the privileges and immunities guaranteed to her by the Fifth and Fourteenth Amendments to the Constitution of the United States." Compl. 30-31. Plaintiff's Section 1981 claim fails because the plain language of the statute limits its applicability to violations occurring "under color of State law." Plaintiff's Section 1985 claim fails because Fifth Circuit precedent limits its applicability to state actors and because the intracorporate-conspiracy doctrine bars Section 1985 claims against

---

[3] Plaintiff also cites 28 U.S.C. § 2679(b)(2)(A), but that provision does not create an independent right of action. *See Hernandez v. Mesa*, 140 S. Ct. 735, 748 n.9 (2020) (explaining that Section 2679(b)(2)(A) "is not a license to create a new *Bivens* remedy in a context we have never before addressed").

individuals employed by the same agency. Therefore, Plaintiff fails to state a viable equal protection claim.

i.    *42 U.S.C. § 1981*

Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981 also states that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." *Id.* § 1981(c) (emphasis added). Plaintiff does not satisfy the "under color of State law" requirement of a Section 1981 claim because, as she concedes in the First Amended Complaint, the Individual Defendants were acting in their capacity as USPS employees, under color of *federal* law. *Magassa v. Mayorkas*, 52 F.4th 1156, 1163 (9th Cir. 2022) ("There is simply no cause of action under § 1981 against federal actors[.]"); *McCoy v. Zook*, No. 3:20-CV-1051-B-BT, 2021 WL 811854, at *4 n.3 (N.D. Tex. Feb. 11, 2021) (noting that "[s]ection 1981 claims do not lie against federal actors" (alteration in original) (citation omitted)), *report and recommendation adopted*, No. 3:20-CV-1051-B (BT), 2021 WL 807249 (N.D. Tex. Mar. 3, 2021).[4]

Plaintiff's argument that "[f]ederal employees who commit criminal acts in furtherance of their personal, nongovernmental, racially-motivated objectives are not acting within the scope of

---

[4] While the Fifth Circuit has not expressly interpreted the plain language of Section 1981's "under color of State law" requirement, other Courts of Appeal have held that it excludes federal actors. *Magassa*, 52 4th at 1163 (9th Cir. 2022); *Sindram v. Fox*, 374 F. App'x 302, 304 (3d Cir. 2010) ("[Section 1981] does not protect against discrimination under color of federal law."); *Nghiem v. U.S. Dep't of Veterans Affs.*, 323 F. App'x 16, 18 (2d Cir. 2009) ("[Section 1981] appl[ies] only to state actors, and not federal officials."); *Kimboko v. United States*, 26 F. App'x 817, 819 (10th Cir. 2001) ("[Section 1981] is inapplicable to alleged discrimination under color of federal law."); *Davis v. U.S. Dep't of Just.*, 204 F.3d 723, 725 (7th Cir. 2000) ("[B]y its language, § 1981 does not apply to actions taken under color of federal law."); *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998) ("Section 1981 provides a cause of action for individuals subjected to discrimination by private actors and discrimination under color of state law, but does not provide a cause of action for discrimination under color of federal law.").

their federal employment" and are thereby engaged in "nongovernmental discrimination" is unavailing. *See* ECF No. 29 at 11-12. Her First Amended Complaint states otherwise:

- "Most critically, USPS, through the actions of mailman Rojas and Postmaster Drake, is intentionally destroying the value of Ms. Konan's properties . . . by driving both existing and prospective tenants away." Compl. ¶ 47.

- "At all relevant times, Rojas the mailman and Postmaster Jason Drake were acting in their capacities as employees of the USPS." *Id.* at ¶ 49.

- "By virtue of the USPS's intentional misconduct through employees Rojas and Postmaster Drake, USPS has interfered with Plaintiff's ownership of the Residences and greatly diminished their value to her." *Id.* at ¶ 69.

- "Defendant USPS, through Rojas and Drake, assumed and exercised dominion and control over Plaintiff's property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with Plaintiff's rights[.] . . . Defendant USPS has refused to deliver and has wrongfully withheld mail addressed to Plaintiff." *Id.* at ¶¶ 79, 81.

- "USPS, through mailman Ray Rojas and Postmaster Drake (and perhaps other of its personnel), has deliberately subjected Plaintiff Konan to humiliating treatment over a period of almost two years." *Id.* at ¶ 85.

Moreover, "[e]xtensive precedent makes clear that alleging a federal employee violated policy or even laws in the course of her employment—including specific allegations of defamation or of potentially criminal activities—does not take that conduct outside the scope of employment." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Smith v. Clinton*, 886 F.3d 122, 126 (D.C. Cir. 2018)). Accordingly, the Court holds that Plaintiff fails to state a claim under Section 1981 against the Individual Defendants.

ii.   *42 U.S.C. § 1985*

Plaintiff's Section 1985 claim against the Individual Defendants similarly fails to state a claim upon which relief can be granted. Section 1985(3) imposes liability on two or more persons who "conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). In *Mack v. Alexander*, the Fifth Circuit held that

Section 1985(3) is inapplicable to federal actors. 575 F.2d 488, 489 (5th Cir. 1978) (holding Section 1985 "provide[s] a remedy for deprivation of rights under color of state law and does not apply when the defendants are acting under color of federal law"). Plaintiff correctly states that, in *Cantú v. Moody*, the Fifth Circuit acknowledged criticism of *Mack's* holding for "failing to grapple with Supreme Court precedent" in *Griffin v. Breckenridge*, 403 U.S. 88 (1971), which held that Section 1985(3) reaches private conspiracies. 933 F.3d 414, 419 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 112 (2020) (noting that *Mack's* holding has not "aged well"); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1865-69 (2017) (assuming that Section 1985(3) could apply to federal officials). However, the *Cantú* court recognized that, ultimately, "[o]ur precedent holds § 1985(3) does not apply to federal officers." 933 F.3d at 419.

Even if Section 1985(3) did apply to federal actors, Plaintiff's claim also fails under the well-established intracorporate-conspiracy doctrine, which precludes plaintiffs from bringing conspiracy claims under Section 1985(3) against multiple defendants employed by the same governmental entity. *See Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013). According to Fifth Circuit precedent, a governmental entity and its employees constitute "a 'single legal entity which is incapable of conspiring with itself.'" *Id.* (quoting *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)). Here, the Individual Defendants are both employees of USPS. Compl. ¶ 49. As such, Plaintiff cannot meet the Section 1985(3) requirement that the alleged conspiracy involve "two or more persons" because, "where all of the defendants are members of the same collective entity, the conspiracy does not involve two or more people." *Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997) (internal citations omitted).

Plaintiff's only arguments against the application of this doctrine are that the Individual Defendants were not acting in their official capacities and that they were engaging in unauthorized

acts. ECF No. 29 at 23-24. However, as outlined above, the First Amended Complaint contradicts her argument that the Individual Defendants were not acting "in the course of their official duties." *Ziglar*, 137 S. Ct. at 1867; *see supra* §§ III.A.i, III.B.i. And Plaintiff's "unauthorized acts" argument is foreclosed by Fifth Circuit precedent. *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 410 (5th Cir. 2020) (holding that the intracorporate-conspiracy doctrine applied to bar Section 1985 voter-intimidation claim where the plaintiff accused a state official of conspiring with his employees to "issu[e] his threats"). Therefore, Plaintiff fails to state a claim under Section 1985.

## IV.   CONCLUSION

While "[t]he court should freely give leave [to amend] when justice so requires," it need not do so when amendment would be futile. See FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). In determining whether amendment would be futile, the Court considers whether "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Plaintiff's FTCA claims fail for lack of subject-matter jurisdiction because the FTCA does not provide a jurisdictional basis for Plaintiff's claims against individuals or federal agencies and the United States has retained sovereign immunity from such claims. Plaintiff's equal protection claim fails because the statutes cited by Plaintiff do not apply to the Individual Defendants due to the nature of their employment— the very means by which they were able to cause Plaintiff's alleged injuries. Such fundamental defects go to "the core of [Plaintiff's] claims" and render them "clearly foreclosed by settled law." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir.), *cert. denied*, 143 S. Ct. 353 (2022). Therefore, the Court finds that amendment would be futile and **DISMISSES WITH PREJUDICE** Plaintiff's claims against all Defendants.

For the reasons stated above, the Court **GRANTS** Defendant United States of America's Motion to Dismiss [ECF No. 15], Defendant United States Postal Service's Motion to Dismiss [ECF No. 17], and Defendants Raymond "Ray" Rojas and Jason Drake's Motion to Dismiss [ECF No. 22].

      **SO ORDERED.**

SIGNED January 19, 2023.

                          **KAREN GREN SCHOLER**
                          **UNITED STATES DISTRICT JUDGE**